# GUTRIDE SAFIER LLP Attorneys at Law

January 26, 2017

**VIA E-FILING**
Peter R. Marksteiner
Clerk of the Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington D.C., 20439

      **RE:** *Evolutionary Intelligence, LLC, v. Sprint Nextel Corp., et. al.*, **Nos. 16-1188, -1190, -1191, -1192, -1194, -1195, -1197, -1198, -1199**

Dear Mr. Marksteiner:

    Pursuant to Federal Rule of Appellate Procedure 28(j), Appellant submits this letter to bring to the Court's attention two recent cases that are relevant to the issues presented in this appeal: *McRO, Inc. v. Bandai Namco Games America Inc.*, 837 F.3d 1299 (Fed Cir. 2016) and *Amdocs (Israel) Ltd. v. Openet Telecom, Inc.*, 841 F.3d 1288 (Fed. Cir. 2016).

    In *McRO*, this Court held that a patent claim reciting a computerized method for synchronizing phenomes with mouth movement in animation was not directed to an abstract idea, but was a "specific asserted improvement in computer animation" that "automate[d] a task previously performed by humans." 837 F.3d at 1314. This Court also criticized the district court for "oversimplifying the claims" and failing to recognize that "[t]he specific structure of the claimed rules would prevent broad preemption of all rules-based means of automating lip synchronization." *Id*. at 1313, 1315. *McRO* supports Appellant's arguments found at pages 33-44 and 47-52 of its Opening Brief, and pages 4-16 in its Reply Brief.

    In *Amdocs*, this Court held that claims directed to software for enhancing data flows using a distributed network supplied the necessary "inventive concept" under *Alice* step two because they amounted to "an unconventional technological solution" to a technological problem that used "generic components operat[ing] in an unconventional manner to achieve an improvement in computer functionality." 841 F.3d at 1300-01. Because the patents claims were "tied to a specific structure of various components," even though those components were generic, the claims were "narrowly drawn to not preempt any and all generic enhancement of data in a similar system." *Id*. at 1301. The claims' specific arrangements of components "produced an unconventional result—reduced data flows and the possibility of smaller

January 26, 2017
Page 2

databases." *Id*. at 1302. This was a "technical improvement over prior art technologies and served to improve the performance of the system itself." *Id*. *Amdocs* supports Appellant's arguments found at pages 45-52 in its Opening Brief and pages 17-23 in its Reply Brief.

Appellant also directs the Court to *Trading Technologies v. CQG*, 2016-1616, slip op. (Jan. 18, 2017) as persuasive authority.

                                                  Respectfully submitted,

                                                  /s/ Todd Kennedy

                                                  Todd Kennedy

cc:    Counsel of Record (via E-File)

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed this letter with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit by using the CM/ECF system on January 26, 2017. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                        /s/ Todd Kennedy

                                        Todd Kennedy